IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CW, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v.            ) | CASE NO. 3:10-cv-00087-PPS-CAN |
| ) | |
| TEXTRON, INC., ) | |
| ) | |
| Defendant. ) | |

**<u>DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE REPORT AND
TESTIMONY OF PLAINTIFFS' EXPERT WITNESS, RAYMOND D. MILEJCZAK</u>**

Defendant Textron, Inc. hereby moves *in limine* to exclude from evidence the August 25, 2011 expert report of plaintiffs' witness, Raymond D. Milejczak, and to bar all testimony at trial by Mr. Milejczak concerning the matters addressed in that report.[1] Mr. Milejczak was retained by plaintiffs to perform a modeling of past groundwater flow in the area of plaintiffs' former home. Mr. Milejczak concludes in his report that contamination traveled through groundwater from Textron's manufacturing plant to plaintiffs' former home, and was present in the groundwater that supplied drinking water to that home at specified concentrations during the respective periods of each plaintiff's residency.

Mr. Milejczak's opinions do not satisfy the criteria for admissibility under Rule 702 of the Federal Rules of Evidence and the Supreme Court's decision in *Daubert v. Merrell Dow*

---

[1] The report actually was submitted by Acuity Environmental Solutions. It contains a "certification" by Mr. Milejczak in which he identifies himself as a principal of that entity and states that he has "personal knowledge and [is] fully competent to testify as to the matters contained in" that report. The report was tendered by plaintiffs under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure as the report of a witness plaintiffs may use at trial to present testimony in the form of expert opinions. Because an entity such as Acuity Environmental Solutions obviously cannot testify or hold opinions, plaintiffs apparently intended the report to be deemed that of Mr. Milejczak. Accordingly, it will be referred to hereafter and in Textron's accompanying brief as the expert report of Mr. Milejczak.

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  The particular computer model that Mr. Milejczak employed is not meant to be used for the purpose Mr. Milejczak used it.  The model's numerous simplifying assumptions make it appropriate only as a screening-level tool to provide very generalized information.  It is not meant to provide a detailed history of contaminant concentrations at particular places and times.  And apart from the model's intended purpose, its user's manual plainly states that the model should not be used when particular site conditions exist, including conditions that are present here.  In addition, Mr. Milejczak testified that he does not know what the rate of error is for the modeling technique he used.  Accordingly, as explained more fully in Textron's concurrently filed brief, plaintiffs should not be permitted to present evidence pertaining to Mr. Milejczak's opinions.

    Respectfully submitted,

    /s/ Frank J. Deveau
    Frank J. Deveau
    TAFT STETTINIUS & HOLLISTER LLP
    One Indiana Square, Suite 3500
    Indianapolis, Indiana  46204-2023
    Telephone:  (317) 713-3500
    Email:  fdeveau@taftlaw.com

    Counsel for Defendant
    Textron, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 1, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Glenn D. Bowman, Esq.
STEWART & IRWIN, P.C.
gbowman@silegal.com

Nicholas K. Gahl, Esq.
STEWART & IRWIN, P.C.
ngahl@silegal.com

Marc Menkveld
STEWART & IRWIN, P.C.
mmenkveld@silegal.com

James W. Brauer, Esq.
STEWART & IRWIN, P.C.
jbrauer@silegal.com

Donn H. Wray, Esq.
STEWART & IRWIN, P.C.
dwray@silegal.com

/s/ Frank J. Deveau
Frank J. Deveau

#1724114

3